UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD EDWARD LUDLOW,

Plaintiff,

v.

DR. G. PALOMERO, et al.,

Defendants.

Case No. 16-cv-03974-DMR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at California State Prison-Solano ("CSP-Solano"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations stemming from his previous incarceration at the Correctional Training Facility ("CTF"). Dkt. 1. His initial complaint was not signed. *Id.* at 3. On July 29, 2016, he filed a signed copy of the completed complaint form, but he did not include any attachments. Dkt. 5. Therefore, the court substitutes the signed page 3 of his July 29, 2016 complaint for the unsigned one and considers his initial complaint (and its attachments) to be the operative complaint in this action. *See* Dkt. 1 at 3; Dkt. 5 at 3.

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. Dkt. 1 at 3. He names the following Defendants: CTF Primary Care Physicians G. Palomero, Roselle Branch, Rosana Javate, and Z. Seyal; CTF Registered Nurse Michael Banaag; and CTF Licensed Vocational Nurse M. Singh. *Id.* at 2. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

This matter has been assigned to the undersigned Magistrate Judge. Plaintiff has

consented to magistrate judge jurisdiction. *Id.* at 4.

In an Order dated January 9, 2017, the court denied Plaintiff's request for appointment of counsel and granted his motion for leave to proceed *in forma pauperis*. Dkt. 9.

Venue is proper because the events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Injunctive Relief

As mentioned above, Plaintiff seeks injunctive relief as well as monetary damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and no reasonable expectation or

demonstrated probability exists that he will again be subjected to the prison or jail conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison or jail where the injury occurred is too speculative to overcome mootness. *Id.*

When Plaintiff filed the instant action, he was still incarcerated at CTF. Plaintiff sought injunctive relief to remedy his alleged injuries stemming from various constitutional violations at CTF. However, the record now shows that he has since been transferred to CSP-Solano. Because Plaintiff is no longer incarcerated at CTF, his claims for injunctive relief based on his confinement at CTF are DISMISSED as moot. The court proceeds to review Plaintiff's remaining claims for monetary damages.

### C. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that upon his arrival at CTF on September 5, 2012, he was "approved for surgery on [his] right elbow." Dkt. 1 at 3. Plaintiff claims that Defendant Palomero examined him and "denied surgery." *Id.* Plaintiff claims that he used the grievance process to appeal the decision, that he had to "get the Federal Receiver involved for anyone . . . at CTF Medical to do

3

anything to remedy the problem with [his] right elbow," that he was seen by several other doctors who informed him they "would not touch [his] elbow" and "surgery should have been done sooner," and that it took "a year and a half to finally get [his] surgery" on February 28, 2014. *Id.* at 3, 5-6. Plaintiff claims that he "did not regain any range of motion in his right arm," and that his arm "continue[d] to get worse." *Id.* at 6. Plaintiff claims that he was in "continuous pain" and that he had to undergo another surgery on September 1, 2015, but that second surgery did not alleviate his pain. *Id.* Plaintiff claims "the pain has gotten progressively worse," but he was informed on January 22, 2016 that he "could not have any more surgeries until the age of 60 because now [he] need[ed] a total elbow replacement." *Id.* at 7. Plaintiff claims that Defendants Palomero, Javate, Branch, and Seyal all denied him surgery and proper pain medication. *Id.* at 7-8.

Plaintiff seeks monetary relief "due to not having full use of his right arm . . . ." *Id.*

Liberally construed, the complaint states a cognizable Eighth Amendment claim against Defendants Palomero, Javate, Branch, and Seyal for deliberate indifference to Plaintiff's serious medical needs.

### D.     Claims Against Remaining Defendants

Plaintiff does not include any allegations against Defendants Banaag and Singh. *See* Dkt. 1. Specifically, Plaintiff does not allege how these Defendants were involved in the violation of his rights. Liability may be imposed on a defendant under Section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Plaintiff does not allege what these defendants did or failed to do, let alone how they denied him medical care. In fact, he alleges no conduct whatsoever by these Defendants. To state a cognizable claim for relief, Plaintiff must allege facts describing how each defendant was involved in, and caused, the alleged violations of his rights. He has not done so. Accordingly, Plaintiff's claims against Defendants Banaag and Singh are therefore DISMISSED without prejudice.

4

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The signed page 3 of Plaintiff's July 29, 2016 complaint is substituted for the unsigned one in the initial complaint. *See* Dkt. 5 at 3; Dkt. 1 at 3.

2. Plaintiff's complaint states a cognizable claim of deliberate indifference to his medical needs against Defendants Palomero, Javate, Branch, and Seyal.

3. Plaintiff's claims against Defendants Banaag and Singh are DISMISSED without prejudice.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1; dkt. 5 at 3), a Magistrate Judge jurisdiction consent form, and a copy of this Order to the following Defendants at CTF: **CTF Primary Care Physicians G. Palomero, Roselle Branch, Rosana Javate, and Z. Seyal.**

The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before

1  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on
2  which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
3  whichever is later.  **Defendants shall also respond to the Notice of Assignment of Prisoner**
4  **Case to a United States Magistrate Judge for Trial by filing a consent/declination form on**
5  **the date the Answer is due.**

6      6. Defendants shall answer the complaint in accordance with the Federal Rules of
7  Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

8      a. No later than **sixty (60) days** from the date their answer is due, Defendants
9  shall file a motion for summary judgment or other dispositive motion.  The motion must be
10 supported by adequate factual documentation, must conform in all respects to Federal Rule of
11 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
12 the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice
13 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
14 oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
15 in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss
16 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
17 However, the court notes that under the new law of the circuit, in the rare event that a failure to
18 exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule
19 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
20 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315
21 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
22 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
23 defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on
24 the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
25 motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most
26 favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence

may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.      All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro

1  se party indicating a current address.  *See* L.R. 3-11(b).

2        10. Upon a showing of good cause, requests for a reasonable extension of time will be
3  granted provided they are filed on or before the deadline they seek to extend.

4        IT IS SO ORDERED.

5  Dated:  February 15, 2017

                                                                  _____
                                                                  DONNA M. RYU
                                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD LUDLOW,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL TRAINING FACILITY MEDICAL DEPARTMENT, et al.,<br><br>    Defendants. | Case No.   4:16-cv-03974-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Edward Ludlow ID: AL4658
P.O. Box 4000
Vacaville, CA 95696

Dated: February 15, 2017

                                Susan Y. Soong
                                Clerk, United States District Court

                                By:_____
                                Ivy Lerma Garcia, Deputy Clerk to the
                                Honorable DONNA M. RYU