UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD EDWARD LUDLOW,

Plaintiff,

v.

CORRECTIONAL TRAINING FACILITY MEDICAL DEPARTMENT, et al.,

Defendants.

Case No. 16-cv-03974-HSG

**ORDER RE: REASSIGNMENT FROM A MAGISTRATE JUDGE**

On July 14, 2016, Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The action was originally assigned to Magistrate Judge Donna M. Ryu. In an order issued February 15, 2017, Magistrate Judge Ryu determined that, liberally construed, the complaint stated cognizable claims for violation of Plaintiff's Eighth Amendment rights by Correctional Training Facility ("CTF") physicians Drs. Palomero, Javate, Branch, and Seyal ("Defendants"). Dkt. No. 10 at 3–4. CTF Registered Nurse Michael Banang and CTF Licensed Vocational Nurse Singh were dismissed on the grounds that Plaintiff had made no allegations concerning them. Dkt. No. 10 at 4 (citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Magistrate Judge Ryu ordered defendants to file a dispositive motion within sixty days from the date on which their answer was due. Dkt. No. 10 at 6.

On April 17, 2017, Defendants filed their answer to the complaint. Dkt. No. 20.

On April 21, 2017, this action was reassigned to District Judge Haywood S. Gilliam, Jr. after Defendants declined to consent to magistrate judge jurisdiction. Dkt. Nos. 21, 23. On July 5, 2017, Judge Gilliam granted Defendants an extension of time to file their dispositve motion. Dkt. No. 25. On November 29, 2017, Plaintiffs timely filed their motion for summary judgment. Dkt. No. 26.

1    On November 9, 2017, three weeks prior to the filing of Defendants' summary judgment motion, a new Ninth Circuit case held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Under the *Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants. Magistrate judges can, however, submit proposed findings of fact and recommendations for the disposition of many pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A), (B). In a case in which full consent has not been obtained, and when a magistrate judge submits proposed findings of fact and recommendations for the disposition of a pretrial matter, the parties may serve and file written objections to the proposed findings and recommendations. *Id.* at § 636(b)(1); *see also* Fed. R. Civ. P. 72. Usually such objections are due within fourteen days of the magistrate judge's proposed findings and recommendations. *See id.*

Here, Magistrate Judge Ryu's February 15, 2017 order resulted in the dismissal of defendants who had not consented to proceed before a magistrate judge. Under the circumstances, the preferable approach is to treat Magistrate Judge Ryu's February 15, 2017 order as findings and recommendations and to give the parties an opportunity to file any objections they have to those findings and recommendations. Accordingly, no later than **fourteen days** from the date of this order, any party may serve and file specific written objections to Magistrate Judge Ryu's February 15, 2017 order. *See generally* Fed. R. Civ. P. 72(a) and (b). A party's objections must be included in a single document no longer than 20 pages in length. A party may respond to another party's objections by filing and serving a response within **fourteen days** after being served with a copy of those objections. A party's response to another party's objections must be included in a single document not longer than 20 pages in length.

Once the Court receives any objections and responses thereto, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If a party files no objection within fourteen days, the Court will deem that party

to have waived his right to object to the magistrate judge's findings and recommendations.

The Court notes that Defendants' motion for summary judgment is fully briefed. The Court will rule on the motion in a separate order.

**IT IS SO ORDERED.**

Dated: 5/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge